IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PEDRO J. SANTIAGO MENDEZ<br><br>    Plaintiff<br><br>Vs.<br><br>AUTORIDAD DE ENERGIA ELECTRICA DE PUERTO RICO; its Board of Governance composed of HARRY RODRIGUEZ GARCIA, LUIS BENITEZ HERNANDEZ, CARLOS BONILLA AGOSTO, ENID MONGE PASTRANA, LUIS SANTINI GAUDIER, CARLOS GALLISA BISBAL, MIGUEL A. TORRES DIAZ (*ex-officio* member), ALBERTO BACO BAGUE (*ex-officio* member), DEFENDANTS A-Z, all unknown members of the Board of Governance of AUTORIDAD DE ENERGIA ELECTRICA; THE COMMONWEALTH OF PUERTO RICO, REPRESENTED BY THE SECRETARY OF JUSTICE, HON. CESAR MIRANDA IN HIS OFFICIAL CAPACITY; INSURERS A, B, C; Richard Doe and Jane Doe; PETROBRAS AMERICA, INC.; SHELL TRADING (US) COMPANY; PETROWEST, INC.; VITOL, S.A.; VITOL, INC.; and UNKNOWN DEFENDANTS 1-100<br><br>    Defendants | Civil No. |

NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1446, and 1453, defendants Vitol S.A. and Vitol Inc. jointly file this notice that this civil action has been removed from the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, in San Juan, Puerto Rico to the United States District Court for the District of Puerto Rico.

<u>Removal Is Timely</u>

1.      On February 19, 2016, plaintiff Pedro J Santiago Mendez ("Santiago Mendez") filed his original complaint in this lawsuit in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part on behalf of himself and a proposed class of all residential electric power consumers who were customers of defendant the Puerto Rico Electric Power Authority within the last ten years. The Commonwealth Court action is styled *Pedro J Santiago Mendez et al. v. Autoridad de Energia Electrica et al.*, Case No. KPE2016-0618, Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Part (the "Action").

2.      Santiago Mendez has not properly served a copy of his original complaint on defendants Vitol S.A. and Vitol Inc. because Santiago Mendez did not serve his original complaint on the correct registered agent for service of process in Puerto Rico for defendants Vitol S.A. or Vitol Inc. *See Vazquez–Robles v. Commoloco, Inc.*, 757 F.3d 1, 8 (1st Cir. 2014).

3.      On May 5, 2016, Santiago Mendez filed his amended complaint in this Action on behalf of himself and a proposed class of all residential electric power consumers who were customers of defendant the Puerto Rico Electric Power Authority.

4.      Santiago Mendez has not properly served a copy of his amended complaint on defendants Vitol S.A. and Vitol Inc., because Santiago Mendez did not serve his amended complaint on the correct registered agent for service of process in Puerto Rico for defendants Vitol S.A. or Vitol Inc. when he attempted service on July 6, 2016. *See id.*

5.      Today, on August 4, 2016, defendants Vitol S.A. and Vitol Inc. timely filed this notice of removal. *See* 28 U.S.C. § 1446(b)(1). Because defendants Vitol S.A. and Vitol Inc. have not yet been properly served, the 30-day time period for removal has not yet begun to run. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999); *see also*

*Novak v. Bank of N.Y. Mellon Trust Co., NA*, 783 F.3d 910, 914 (1st Cir. 2015) (holding that a defendant may remove a case before being served). Alternatively, even if Santiago Mendez's attempted service on July 6, 2016, was effective, defendants Vitol S.A. and Vitol Inc. timely filed this notice of removal within 30 days from service of Santiago Mendez's amended complaint. *See Murphy Bros.*, 526 U.S. at 356.

6. Venue is proper in this district because the United States District Court for the District of Puerto Rico is the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal Is Proper Under 28 U.S.C. § 1441

7. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. This Court has jurisdiction over this Action under 28 U.S.C. § 1332(d)(2) (the "Class Action Fairness Act" or "CAFA"). Under CAFA, "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which— . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." These statutory elements are satisfied here.

9. First, this case is a "class action" within the meaning of 28 U.S.C. § 1332(d)(2). This case is brought pursuant to the Class Action Act by Goods and Services Consumers, 32 L.P.R.A. § 3341, which is a "similar State statute or rule of judicial procedure [to Fed. R. Civ. P.

23] authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" for purposes of 28 U.S.C. § 1332(d)).

10. Second, there are at least one hundred members of the proposed class. *See* 28 U.S.C. § 1332(d)(5)(B) ("Paragraphs (2) through (4) shall not apply to any class action in which— . . . (B) the number of members of all proposed plaintiff classes in the aggregate is less than 100."). The amended complaint estimates the size of the proposed class in this Action as 1,067,085 class members. Ex. 6-T, at 13.

11. Third, the amount in controversy exceeds $5,000,000. The amended complaint seeks as damages "reimbursement of the difference between the amounts billed by [PREPA] and the line item for the fuel adjustment clause and what they would have paid if [PREPA] had paid the global market price of the lesser quality fuel that was acquired in reality" for 1,067,085 proposed class members over a ten year period. Ex. 6-T, at 19. The amended complaint also seeks triple damages under the Puerto Rico Antitrust Act. Ex. 6-T, at 19. Further, the amended complaint in this Action seeks $500 for each member of the proposed class, a total amount of $533,542,500. Ex. 6-T, at 19.

12. Fourth, there is minimal diversity. *See* 28 U.S.C. § 1332(d)(2). Plaintiff Santiago Mendez is "a citizen of a State different from any defendant," because Santiago Mendez is a citizen of Puerto Rico, and defendant Vitol Inc. is a citizen of Delaware (where it is incorporated) and Texas (the location of its principal place of business). 28 U.S.C. § 1332(d)(2)(A). Additionally, plaintiff Santiago Mendez "is a citizen of a State" and defendant Vitol S.A. is "a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(C). Defendant Vitol S.A. is a Swiss Societe Anonyme with its principal place of business in Geneva, Switzerland.

13. Finally, all "primary defendants" are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A). For § 1332(d)(5)(A) to apply, "all primary defendants must be states." *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006); *accord Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1263 (10th Cir. 2014); *see also In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) (interpreting similar language in § 1332(d)(4)(B) and reaching the same result). § 1332(d)(5)(A) does not apply here, because neither Vitol S.A. nor Vitol Inc. are "States, State officials, or other governmental entities."

## Consent of Other Defendants Is Not Required

14. Under 28 U.S.C. § 1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." Accordingly, defendants Vitol S.A. and Vitol Inc. may remove this action without the consent of the other defendants and even though certain other defendants are citizens of Puerto Rico.

## No Exceptions to CAFA Apply

15. "[T]he burden is on the plaintiff to show that an exception to jurisdiction under CAFA applies." *Hannaford*, 564 F.3d at 78. Even so, none of the exceptions to jurisdiction under CAFA applies here.

16. The "local controversy" exception to CAFA does not apply to this Action. *See* 28 U.S.C. § 1332(d)(4)(A). One of the elements required for the local controversy exception to

apply is that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(A)(ii). Plaintiffs cannot satisfy this exception because there is a pending class action that asserts the same or similar factual allegations against several of the same defendants.

17. *Rolon v. Autoridad de Energia Electrica*, Case No. 3:15-cv-01167-JAG is a class action currently pending in this Court ("*Marrero Rolon*"). It was filed on Feburary 24, 2015. The *Marrero Rolon* class action asserts the same or similar factual allegations to this case. In *Marrero Rolon*, the named plaintiffs allege that the defendants conspired with PREPA to sell non-compliant or "off-spec" fuel to PREPA for the allegedly higher price of compliant fuel, and that PREPA passed the higher price paid for the non-compliant fuel on to electricity consumers. In this Action, Santiago Mendez alleges "that [PREPA], during the past ten years has acquired fossil fuels for operating its energy power plants containing contaminants and of lower quality than that which appeared on its bills [invoices], by means of an agreement, in combination or in conspiracy with its suppliers," including allegedly defendants Vitol S.A. and Vitol Inc. Ex. 6-T, at 2. And *Marrero Rolon* asserts those similar allegations against several of the same defendants as this case, including PREPA, Petrobras America, Inc., Shell Trading (US) Company, Petrowest, Inc., Vitol S.A., and Vitol Inc., all of which are defendants in this case. Further, *Marrero Rolon* asserts those similar factual allegations on behalf of a proposed class defined as: "All persons or entities that paid the Puerto Rico Electric Power Authority, a/k/a Autoridad de Energia Electrica, for electricity during the period January 1, 2002 to the present." This case asserts allegations on behalf of a proposed class of all residential electricity consumers under

PREPA's General Residential Rate.  Therefore, *Marrero Rolon*'s proposed class encompasses the proposed class in this Action.

18.     The "home state" exception to CAFA also does not apply.  *See* 28 U.S.C. § 1332(d)(4)(B).  The home state exception to CAFA applies where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.*  The home state exception does not apply here because at least one of the primary defendants is not a "citizen[] of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).  Specifically, defendant Vitol Inc. is a citizen of Delaware and Texas and Vitol S.A. is a citizen of Switzerland.  *See Hannaford*, 564 F.3d at 80 ("In particular, CAFA's home state exception is fairly narrow, encompassing only those suits where at least two-thirds of the class members and *all of the primary defendants* are citizens of the same state.  Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the exception." (emphasis added)).

19.     Finally, CAFA's discretionary exception in 28 U.S.C. § 1332(d)(3) also cannot be invoked here.  Like the home state exception, § 1332(d)(3) applies only where "the primary defendants are citizens of the State in which the action was originally filed."  Because not all primary defendants are citizens of Puerto Rico, § 1332(d)(3) is not applicable. *See Hannaford*, 564 F.3d at 80.

### Removal Papers

20.     In accordance with 28 U.S.C. § 1446(a), defendants Vitol S.A. and Vitol Inc. attach the following items as part of the Notice of Removal:

| Exhibit | Description |
| --- | --- |
| Ex. 1 | Letter to Vitol S.A. Requesting Waiver of Service of Process (Orig. Compl.) |
| Ex. 1-T | Certified English translation of Letter to Vitol |

|         |                                                                                                      |
|---------|------------------------------------------------------------------------------------------------------|
|         | S.A. Requesting Waiver of Service of Process (Orig. Compl.)                                          |
| Ex. 2   | Letter to Vitol Inc. Requesting Waiver of Service of Process (Orig. Compl.)                          |
| Ex. 2-T | Certified English translation of Letter to Vitol Inc. Requesting Waiver of Service of Process (Orig. Compl.) |
| Ex. 3   | Original Complaint                                                                                   |
| Ex. 3-T | Certified English translation of Original Complaint                                                  |
| Ex. 4   | Summons to Vitol Inc. (Am. Compl.)                                                                   |
| Ex. 4-T | Certified English translation of Summons to Vitol Inc. (Am. Compl.)                                  |
| Ex. 5   | Summons to Vitol S.A. (Am. Compl.)                                                                   |
| Ex. 5-T | Certified English translation of Summons to Vitol S.A. (Am. Compl.)                                  |
| Ex. 6   | Amended Complaint                                                                                    |
| Ex. 6-T | Certified English translation of Amended Complaint                                                   |
| Ex. 7   | Petrobras America, Inc.'s Motion to Dismiss (filed 5 August 2016 with an English translation forthcoming) |

21. In accordance with Local Rule 7.1, defendants Vitol S.A. and Vitol Inc. are also filing a corporate disclosure statement.

## Notification to the State Court

22. Defendants Vitol S.A. and Vitol Inc. are providing notice of removal of this action to the Commonwealth of Puerto Rico Court of First Instance, San Juan Part.

Respectfully Submitted,

In San Juan, Puerto Rico, this 5th day of August, 2016.

| | |
|---|---|
| **THE LAW OFFICES OF<br>ANDRÉS W. LÓPEZ, P.S.C.**<br><br>902 Fernández Juncos Ave.<br>Miramar<br>San Juan, Puerto Rico 00907<br>P.O. Box 13909<br>San Juan, Puerto Rico 00908<br>Telephone: (787) 294-9508<br>Fax: (787) 294-9519<br><br>s/Andrés W. López<br>ANDRÉS W. LÓPEZ<br>USDC No. 215311<br>Andres@awllaw.com<br><br>*Counsel for Vitol S.A. and Vitol Inc.* | **SUSMAN GODFREY, LLP**<br><br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002<br>Telephone: (713) 651-9366<br>Fax: (713) 654-6666<br><br>s/ Neal S. Manne<br>PHV forthcoming<br>nmanne@susmangodfrey.com<br><br>s/ Ophelia Camina<br>PHV forthcoming<br>ocamina@susmangodfrey.com<br><br>s/ Alex Kaplan<br>PHV forthcoming<br>akaplan@susmangodfrey.com<br><br>s/ Weston O'Black<br>PHV forthcoming<br>woblack@susmangodfrey.com<br><br>s/ Michael Kelso<br>PHV forthcoming<br>mkelso@susmangodfrey.com<br><br>*Counsel for Vitol S.A. and Vitol Inc.* |

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this date, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of the Court using CM/ECF, which will send a notification of this filing to all counsel and parties of record.

s/ Neal S. Manne  
Neal S. Manne
